**Teresharan Realty v Alina Z Casting LLC**

2024 NY Slip Op 30554(U)

February 21, 2024

Supreme Court, New York County

Docket Number: Index No. 650994/2023

Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** **HON. LOUIS L. NOCK** | **PART** | **38M** |
| *Justice* | | |

-------------------------------------------------------------------X

TERESHARAN REALTY,

                            Plaintiff,

               - v -

ALINA Z CASTING LLC,

                           Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650994/2023 |
| **MOTION DATE** | 11/02/2023 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 16

were read on this motion for                          DEFAULT JUDGMENT        .

LOUIS L. NOCK, J.

Upon the foregoing documents, the motion seeking entry of a default judgment is granted, on default and without opposition, in accordance with the following memorandum decision.

**Background**

Under a lease dated December 5, 2017 (the "Lease"), plaintiff Teresharan Realty as landlord leased certain premises to defendant Alina Z Casting LLC as tenant for a term commencing December 15, 2017, and expiring December 31, 2022 (complaint, NYSCEF Doc. No. 1, ¶ 5; Lease, exhibit A, NYSCEF Doc. No. 7). Defendant failed its obligation pursuant to the terms of the Lease to pay base rent and additional rent to plaintiff from December 1, 2020, to December 1, 2022 (complaint, NYSCEF Doc. No. 1, ¶¶ 6–9). As more fully set forth in the affidavit of Lynn Greer, assistant to the chief financial officer of Adams & Co. Real Estate, LLC, plaintiff's managing agent, defendant unilaterally vacated the leased premises on December 14, 2020, and thereafter accrued rental arrears (Greer aff., NYSCEF Doc. No. 5, ¶¶ 9–11). The total

rental arrears due and owing by defendant to plaintiff amount to $85,866.82 (*id.*, ¶ 10; open items statement, exhibit C, NYSCEF Doc. No. 9).

Plaintiff commenced this action on February 23, 2023 (summons, NYSCEF Doc. No. 1; complaint NYSCEF Doc. No. 2). An affidavit of service, regular on its face, attests to service on defendant by service on the Secretary of State on May 19, 2023, pursuant to Business Corporation Law § 306(b) (NYSCEF Doc. No. 3). An affirmation of additional service filed in support of the motion attests to the requisite additional mailing pursuant to CPLR 3215(g)(4)(i) on August 17, 2023, more than twenty days in advance of entry of judgment (NYSCEF Doc. No. 13). Defendant's time to respond to the complaint has expired, and it has neither appeared nor answered the complaint. Moreover, there is no opposition to the motion.

**Standard of Review**

A plaintiff that seeks entry of a default judgment for a defendant's failure to answer must submit proof of service of the summons and complaint upon the defendant, proof of the facts constituting the claim, and proof of the defendant's default (CPLR 3215[f]). "The standard of proof is not stringent, amounting only to some firsthand confirmation of the facts" (*Feffer v Malpeso*, 210 AD2d 60, 61 [1st Dept 1994]). "[D]efaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]). Nevertheless, "CPLR 3215 does not contemplate that default judgments are to be rubber-stamped once jurisdiction and a failure to appear have been shown. Some proof of liability is also required to satisfy the court as to the prima facie validity of the uncontested cause of action" (*Guzetti v City of New York*, 32 AD3d 234, 235 [1st Dept 2006] [internal quotations and citations omitted]).

**650994/2023  TERESHARAN REALTY vs. ALINA Z CASTING LLC**
**Motion No. 001**

**Page 2 of 4**

2 of 4

**Discussion**

Plaintiff has satisfied its burden on the motion by submission of the affidavit of service on defendant (NYSCEF Doc. No. 3), the affirmation of additional mailing on defendant (NYSCEF Doc. No. 13), the affirmation of plaintiff's counsel Thomas R. Kleinberger, Esq., attesting to defendant's default (Kleinberger aff., NYSCEF Doc. No. 6, ¶¶ 6–11), and Greer's affidavit, which attests to the facts alleged in the complaint and the amount of plaintiff's damages (Greer aff., NYSCEF Doc. No. 5, ¶¶ 6–11). Defendant has never appeared in the action, nor did it submit any opposition to the motion. Plaintiff is, therefore, entitled to entry of a default judgment against defendant.

In addition, the Lease contains an attorneys' fee provision (*see* Lease, exhibit A, NYSCEF Doc. No. 7, ¶ 19), and plaintiff's counsel has submitted an affirmation in support of the motion setting forth attorney's fees and expenses of $3,950.28 (Kleinberger aff., NYSCEF Doc. No. 6, ¶¶ 12–16; detailed transaction file list, exhibit E, NYSCEF Doc. No. 11). Based on this court's application of the applicable standards (*see In re Freeman's Estate*, 34 NY2d 1 [1974]), that amount constitutes reasonably incurred legal fees in this matter.

Accordingly, it is

ORDERED that the motion is granted; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of plaintiff Teresharan Realty and against defendant Alina Z Casting LLC in the principal amount of $85,866.82, with interest on said principal amount at the statutory rate from December 14, 2020, through the date of entry of judgment, as calculated by the Clerk, and continuing to accrue thereafter through the date of satisfaction of judgment, together with costs and disbursements as

**650994/2023 TERESHARAN REALTY vs. ALINA Z CASTING LLC**
Motion No. 001

Page 3 of 4

[* 3]

taxed by the Clerk upon submission of an appropriate bill of costs, and in the additional sum of

$3,950.28 as plaintiff Teresharan Realty's reasonable attorneys' fees incurred in this action.

This constitutes the decision and order of the court.

ENTER:

_____
LOUIS L. NOCK, J.S.C.

_____
2/21/2024
DATE

CHECK ONE:

| | | |
|---|---|---|
| [X] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION |
| [X] GRANTED | [ ] DENIED | [ ] GRANTED IN PART | [ ] OTHER |

APPLICATION:    [ ] SETTLE ORDER      [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:    [ ] INCLUDES TRANSFER/REASSIGN      [ ] FIDUCIARY APPOINTMENT      [ ] REFERENCE

650994/2023   TERESHARAN REALTY vs. ALINA Z CASTING LLC
Motion No. 001

Page 4 of 4

4 of 4